GARRISON, Judge.
This is an appeal from a judgment of the 34th Judicial District Court, Parish of St. Bernard, granting the husband’s motion to change from sole custody under a Mississippi decree to joint custody under Louisiana law, denying the wife’s rule to increase child support, granting the husband’s rule to reduce or “confirm” the child support amount awarded in the Mississippi decree. The 34th Judicial District Court judgment sets forth a joint custody plan as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that both parents are hereby awarded joint custody of the minor children, Amy Lynn Mclnnis, Sara Leigh Mclnnis, and Carey Lauren Mclnnis, in accordance with the following plan of implementation.”
I.

Residence

“Linda Ann Mclnnis will be the primary custodial parent during the school year. Thomas G. Mclnnis will be the primary custodial parent during the summer months.”
“Linda Ann Mclnnis (hereinafter referred to as the ‘mother’) shall enjoy custody of the children beginning ten days prior to the commencement of school in the fall until 6:00 p.m. on the day report cards are given out at the end of the school year.”
“Mr. Mclnnis (hereinafter referred to as the ‘father’) shall enjoy custody of the minor children beginning 6:00 p.m. of ‘report card day’ if it falls on a Friday, otherwise on the Friday immediately following ‘report card day’ until ten days prior to the commencement of the next school year.”
“The father shall enjoy regular visitation with the children on the third weekend of each and every month of the school year beginning at 7:00 p.m. Friday until 3:00 p.m. Sunday. The mother shall deliver the children to the home of Mr. Mclnnis’ parents on Friday. The father shall deliver the children to the mother’s home on Sunday.”
“The mother shall have visitation with the children on the third weekend of the summer months, 7:00 p.m. Friday until 3:00 p.m. Sunday. The mother is responsible for all transportation of the children during the summer months, except at the *789 end of the summer, at which time Mr. Mclnnis shall return the children.”
“The mother shall also enjoy a ten day vacation period with the children during the summer. She must give Mr. Mclnnis a 60 day written notice of when she intends to exercise this privilege.”
II.

Holidays

“The following holiday visitation schedule supercedes the above schedule, whenever in conflict:”
“A. Thanksgiving — 7:00 p.m. on last school day before Thanksgiving until 3:00 p.m. on Sunday after Thanksgiving.”
“B. Christmas — 7:00 p.m. on last school day before Christmas until December 27 at 3:00 p.m.”
“C. New Years — 3:00 p.m. December 27 until 3:00 p.m. of the last school vacation day.”
“D. Easter — 7:00 p.m. on last school day before Easter until 3:00 Easter Sunday.”
“E. Children’s Birthdays — The father shall have visitation with the children on the weekend before their birthdays in odd numbered years.”
“F. Mother’s/Father’s Day — The mother shall have the children on Mother’s Day, the father on Father’s Day 9:00 a.m. until 7:00 p.m.”
“The father shall enjoy holiday visitation with the children on Thanksgiving, 1986, and New Years, 1986. The mother shall enjoy visitation Christmas, 1986, and Easter, 1987. This schedule shall alternate from year to year afterwards.”
“The parent not in possession of the children shall be responsible for transportation of the children for the holiday periods only.”
III.

Support

“Mr. Mclnnis shall pay to Linda Ann Mclnnis the sum of FIVE HUNDRED AND NO/100 ($500.00) DOLLARS per month for the support of the minor children. Mr. Mclnnis shall also maintain the children on a policy of medical insurance and shall pay fifty (50%) percent of those amounts not covered by the insurance. Linda Mclnnis shall submit the medical bills by regular mail to Mr. Mclnnis on the 1st day of the month.”
“The $500.00 per month child support is terminated and not payable during the summer months.”
“Mr. Mclnnis shall receive the deductions for income tax purposes, for the two older children; Linda Mclnnis shall receive the deduction for the youngest child.”
IV.

Religion

“The parent having physical custody of the children is responsible for accompanying the children to church on Sunday and religious holidays.”
V.

Education

“All school records of the minor children shall be accessible to both parents, and both parents shall enjoy the right to consult with school personnel and officials regarding the children. Both parents shall have the right to notification of/and participation in all school activities and events.”
“Linda Mclnnis shall send a copy of the children’s periodic report cards to Mr. Mclnnis within two weeks of the issuance of the report cards.”
VI.

Medical

“All medical, surgical and dental records of the children shall be accessible to both parents.”
“Each parent shall facilitate communication with the other parent and with doctors regarding the children’s welfare. Each parent has the ability to make medical decisions when the children are in residence with that parent. Each par *790 ent shall provide advance notification to the other parent about proposed or forthcoming medical treatment.”
VII.

Miscellaneous

“Each parent shall have the right to telephone communication with the children while they are in residence with the other parent. This is to be limited to one phone call per day.”
“Neither parent shall schedule any activities for the children during the time that the other parent has visitation or custody without first obtaining written consent from the other parent.”
On appeal, appellant raises the following specifications of error:
1. The trial court erred in changing sole custody to joint custody;
2. The court erred in failing to consider the income of the second wife or the extent to which the second wife’s income reduces Mr. Mclnnis’ expenses;
3. The court abused its discretion in setting the child support amount and in eliminating child support while the minor children are in Mr. Mclnnis’ care;
4. The court abused its discretion in creating an unduly burdensome obligation on Mrs. Mclnnis in the mechanics of the custody-visitation provisions.
Turning to the first issue, it should be noted that C.C. Articles 157 and 146 provides as follows:
“Art. 157. Custody of Children; visitation rights of grandparents
A. In all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the parents in accordance with Article 146.
******
Art. 146. Custody of children pending the litigation
A. If there are children of the marriage whose provisional custody is claimed by both husband and wife, the suit being yet pending and undecided, custody shall be awarded in the following order of preference, according to the best interest of the children:
(1) To both parents jointly ...
C. There shall be a rebuttable presumption that joint custody is in the best interest of a minor child.” (emphasis added)
Because Mrs. Mclnnis and the children now reside in Louisiana, Louisiana courts now have jurisdiction on the custody issues. Thus changes in custody now fall under Louisiana, as opposed to Mississippi law. Under C.C. Art. 146 there is a presumption in favor of joint custody. The trial court judge must award joint custody to both parents unless he finds that sufficient evidence has been presented to rebut that presumption on the basis of the following factors:
“(2) The presumption in favor of joint custody may be rebutted by a showing that it is not in the best interest of the child, after consideration of evidence introduced with respect to all of the following factors:
(a) The love, affection, and other emotional ties existing between the parties involved and the child.
(b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his religion or creed, if any.
(c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care, and other material needs.
(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(f) The moral fitness of the parties involved.
(g) The mental and physical health of the parties involved.
(h) The home, school, and community record of the child.
*791 (i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
(k) The distance between the respective residences of the parties.
(l) Any other factor considered by the court to be relevant to a particular child custody dispute. However, the classification of persons according to race is neither relevant nor permissible.” C.C. 146(C)(2).
At trial insufficient evidence was presented to rebut the presumption. The only evidence presented against Thomas Mclnnis was that he had an affair for four years while he was married to his ex-wife, the woman with whom he had the affair is his present wife, Carol Mclnnis, he slapped his oldest daughter, Amy, then 14, across the face when he lost his temper, he refused to allow Amy to call her mother after he hit her, and because both Tom and Carol work, they must place the children in day care during summer visits and one of the day care centers “The Little Red Schoolhouse” in Birmingham was substandard. Mr. Mclnnis stated that he will not be placing the children in that institution again.
The trial court judge found insufficient grounds to rebut the joint custody presumption. Upon our independent examination of the evidence and testimony presented, we cannot conclude that the trial court was manifestly erroneous in this determination.
Turning the second specification of error, appellant argues that the trial court erred in failing to consider the second wife’s income. The trial court judge heard testimony on the second wife’s income and examined the second wife’s payroll stubs, tax returns, an affidavit of income and expenses by Thomas Mclnnis and his pay stubs. In his oral reasons for judgment, the trial court judge said:
“On child support, the Court after considering all the evidence, finds that the support which is currently in effect is sufficient. I deny the increase. I set it at the same amount of $500.00 a month. The Court took into consideration not only Ms. Boudreaux’s salary, which you do have a mutual obligation of support of your minor children, but took into consideration not withstanding the marital contract, the new Mrs. Mclnnis’ income, and feels that would wash itself out, and thereby, feels that the original amount as set is sufficient.” (Tr. 2 pp. 32-33).
Accordingly, this argument is without merit.
Turning to the third specification of error, appellant argues that the trial court abused its discretion in setting the child support amount and in eliminating the child support while the minor children are in Mr. Mclnnis’ care. An award of child support is a prior judgment, which can be modified only upon a showing of a change in circumstances from those in existence at the time of the prior award. Normally, an appellate court has no problem in determining the circumstances in existence at the time of the prior award because the testimony and evidence presented at that time is physically in the record before us or the mover, who has the burden of proof on the motion, files the prior record into the case as an exhibit. In the instant case, no evidence of prior circumstances was entered into the record, including the Mississippi transcript and pleadings. Accordingly, the trial court judge committed an error of law in granting the motion in the absence of sufficient proof. Accordingly, it is recommended that that portion of the judgment be vacated or reversed. This would not prevent either party from asking for another rule to set support and proving it as required.
Turning to the fourth specification of error, appellant argues that the judgment places an undue burden on Mrs. Mclnnis by requiring her to transport the children to Birmingham, Alabama. Appellant argues that the trial judge by his decree has created an unreasonable risk of harm to Mrs. *792 Mclnnis, by requiring a female with three small children and alternatively a lone female to make the six hour drive to Birmingham and back.
It is common knowledge in contemporary New Orleans that a woman alone presents a greater target and is more likely to be attacked, robbed, or raped than a man alone. No New Orleans man with any common sense would allow his wife or daughter to make the six hour drive to Birmingham alone. It is simply too dangerous. The trial court judge, by requiring such a dangerous situation would be, at the very least, morally responsible for any such harm suffered by Mrs. Mclnnis while carrying out the trial court’s order. It is apparent, however, that appellant is misreading the judgment which states:
“... The mother is responsible for all transportation of the children during the summer months, except at the end of the summer, at which time Mr. Mclnnis shall return the children.”
During his oral reasons the trial judge stated:
“On any occasion on which custody is to go to Mr. Mclnnis, you [Mrs. Mclnnis] must deliver the children to his mother’s home on any occasion, whether it be Father’s Day, summer vacation, weekends. Any time he is entitled to the children, you [Mrs. Mclnnis] are to bring the children to his mother’s home, and the flip side of that, any time you [Mr. Mclnnis] return the children, you must always return the children to Ms. Bou-dreaux’s [Mrs. Mclnnis’] home directly.” (emphasis added)
Thus we find that Mrs. Linda Mcln-nis discharges her obligation of transportation when she delivers the children not to Birmingham, Alabama but to Mr. Mclnnis’s mother’s house in St. Bernard or when she receives the children due to her at her own home in St. Bernard.
For the reasons discussed, the portion of the judgment modifying child support is vacated and set aside on grounds of insufficient evidence and in all other aspects the judgment below is affirmed.
VACATED IN PART AND AFFIRMED IN PART.
SCHOTT and CADE, JJ., concur.